# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1999 SESSION

**FILED**

**March 2, 2000**

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. W1999-02031-CCA-R3-CD |
| **Appellee** | * | SHELBY COUNTY |
| **VS.** | * | Hon. John P. Colton, Jr., Judge |
| **ERNEST PURYEAR,** | * | (Aggravated Robbery) |
| **Appellant.** | * | |

For Appellant

Dane N. Blue
4127 Callie Powell Cove
Memphis, TN 38135-1645
(At Trial)

Craig V. Morton II
200 Jefferson Avenue, Ste. 725
Memphis, TN 38103
(On Appeal)

For  Appellee

Paul G. Summers
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

William L. Gibbons
District Attorney General

James J. Challen III
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103-1947

OPINION FILED:

AFFIRMED

NORMA MCGEE OGLE, JUDGE

**OPINION**

A Shelby County jury found defendant guilty of aggravated robbery, a Class B felony. Defendant received an eight-year sentence. In this appeal as of right, defendant claims (1) the evidence was not sufficient to sustain the conviction for aggravated robbery, and (2) he received ineffective assistance of trial counsel. Upon our review of the record, we conclude the evidence was sufficient to sustain defendant's conviction, and defendant received effective assistance of counsel. Thus, we AFFIRM the judgment of the trial court.

**I. Factual Background**

On July 15, 1996, Norma Fowler exited First Tennessee Bank with approximately $500. The defendant approached her and asked her for a ride. She offered him money for a cab, but he refused. As Fowler sat in her vehicle, the defendant approached her window with a briefcase and a gun. Another man was on the passenger side. While the defendant held a gun on Fowler, the second man collected the victim's money and jewelry. The men fled across the parking lot, and the victim called the police.

On October 5, 1996, Fowler saw the defendant in a local grocery store. She exited the store and waited for defendant. When defendant got into his car, she followed him to the First Tennessee Bank parking lot. Subsequently, Fowler flagged down a passing police car and identified the defendant to the officer as the man who robbed her on July 15, 1996. Fowler also identified the defendant in the courtroom as the person who robbed her on July 15, 1996.

The only other person to testify at trial was Jerome Corley, who stated he was a "professional con artist." He testified that he "runs cons" with the defendant, and the defendant never used a weapon. However, on the day defendant robbed Fowler, Corley was incarcerated in another state.

Based on this evidence, the jury convicted the defendant of aggravated robbery.

2

Subsequent to his conviction, defendant retained another attorney and filed a motion for new trial asserting insufficiency of the evidence and ineffective assistance of counsel. At the evidentiary hearing, the trial court heard testimony from defendant and trial counsel. The defendant testified that he did not use force to obtain the stolen property. It was his assertion that he and his partner initiated a "con game" designed to trick the victim into giving them her money and jewelry. He claimed defense counsel failed to effectively represent him.

Trial counsel testified that he met with the defendant eleven times and discussed various trial strategies. He testified that he conducted discovery and prepared the witnesses for trial.

The trial court determined the evidence was sufficient to support defendant's conviction, and the defendant failed to prove his allegations of ineffective assistance of counsel. The trial court denied the motion for new trial.

## II. Sufficiency of the Evidence

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Id. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

3

Defendant alleges the evidence is insufficient to sustain his conviction for aggravated robbery because the state failed to prove the property was taken by force. At trial the victim testified that the defendant came up to her car, put a gun in her face and forced her to give up her money and jewelry. The defense offered only the testimony of Jerome Corley. Corley testified that he "runs scams" with the defendant, and the defendant never used a weapon. However, Corley admitted that he was not present on July15, 1996, when the victim was robbed.

The weight and credibility of the witnesses' testimony is entrusted exclusively to the jury as the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). The jury accredited the testimony of the victim and could reasonably conclude that the robbery was "accomplished with a deadly weapon." See Tenn. Code Ann. 39-13-402(a)(1).

This issue is without merit.

### III. Ineffective Assistance of Counsel

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). If the petitioner does not establish the prejudice prong, it is unnecessary for the Court to examine the deficiency prong. Goad, 938 S.W.2d at 370.

The test in Tennessee to determine whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the

4

wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997). Therefore, in order to prove a deficiency, a petitioner must show that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S.Ct. at 2065).

In order to establish prejudice, the petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

Defendant lists the following allegations as evidence of trial counsel's ineffective representation:

(1)     Trial counsel failed to file a motion to suppress a photo identification;

(2)     Trial counsel did not investigate potential witnesses and subpoena critical evidence;

(3)     Trial counsel failed to exercise his peremptory challenges during *voir dire* to exclude jurors who had relatives working for the police department, were victims of violent crime, or knew someone who had been a victim of violent crime;

(4)     Trial counsel failed to request *Jencks* material;

(5)     Trial counsel failed to adequately cross-examine the victim;

(6)     Trial counsel failed to call the defendant as a witness;

(7)     Trial counsel failed to seek judgment of acquittal at the end of the State's proof; and

(8)     Trial counsel failed to request a proper jury instruction on the lesser included offenses to aggravated robbery.

**(1)**

Due to the victim's misidentification of the suspected accomplice, defendant claims trial counsel had sufficient grounds to file a motion to suppress the victim's photo identification.

The victim admitted she mistakenly identified Jerome Corley as the defendant's accomplice. However, she made an uncontested in-court identification

5

of the defendant. There was no basis to suppress the photo identification. This allegation is without merit.

## (2)

Defendant asserts trial counsel failed to adequately investigate potential witnesses and solicit discovery. He argues trial counsel should have interviewed the arresting officer and obtained the police report and the victim's incident report. Defendant claims there are inconsistencies between the reports and the victim's testimony. In addition, defendant argues trial counsel should have called Mary Henderson to testify that the day defendant was arrested, he and an accomplice were in the process of "running a con" on her in which defendant did not use a weapon. Defendant further asserts trial counsel should have subpoenaed the bank's surveillance tapes. He argues the tapes would have shown he did not have a gun.

"When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also* Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness or call the witness to the stand resulted in the denial of critical evidence which caused the petitioner prejudice. Black, 794 S.W.2d at 757. Neither the trial court nor this Court can speculate on what a witness' testimony might have been if introduced by counsel. *Id.*

At the motion for new trial, defendant failed to present testimony from the arresting officer, Ms. Henderson, or any other potential witness. In addition, defendant failed to present the alleged video surveillance tape. This Court cannot speculate about possible testimony or what the tape would show. As to discovery, trial counsel testified he conducted adequate discovery with the prosecutor. The trial court agreed. Furthermore, defendant has failed to establish a reasonable

6

probability that the result of the trial would have been different if counsel had utilized the police report and victim incident report.

These allegations are without merit.

## (3)

Defendant contends trial counsel failed to adequately use his peremptory challenges to exclude jurors with relatives on the police force and jurors who were victims of violent crime or had family members who were victims of violent crime.

Trial counsel asked each of the jurors who stated they were victims of violent crime, or knew someone who was a victim of violent crime, a series of questions to determine if they could be impartial. Through this process, he excluded one of the potential jurors for cause and used some peremptory challenges. We find no deficiency by counsel, nor has defendant established prejudice. This allegation is without merit.

## (4)

Defendant alleges trial counsel should have requested "Jencks" material before he cross-examined the victim. However, defendant has failed to establish prejudice. This allegation is without merit.

## (5)

Defendant charges trial counsel did not effectively cross-examine the victim. He claims trial counsel did not interview the victim before she testified. In addition, he claims trial counsel asked "open ended" questions which were "completely ineffective," and failed to point out obvious inconsistencies in her testimony.

The manner in which counsel phrases his questions is a tactical and stylistic choice. The record reflects trial counsel attempted to uncover any inconsistencies in the victim's testimony. Furthermore, defendant failed to show he was prejudiced by trial counsel's cross-examination of this witness, or by not interviewing her prior to trial. This allegation is without merit.

## (6)

7

Defendant complains trial counsel should have called him to testify. This ground was not raised in the written motion and was not addressed by the trial court. Furthermore, defendant's testimony is extremely limited and unclear. When asked if he told his counsel he wanted to testify, defendant responded, "no, actually it was best for me to do, to testify or don't take the stand." Trial counsel testified that he discussed this matter with defendant, and they both decided he should not testify.

We consider the issue waived. Furthermore, the evidence shows defendant agreed not to testify after consultation with counsel. This allegation is without merit.

## (7)

Defendant claims trial counsel should have moved for judgment of acquittal at the close of the state's proof. The victim testified the defendant took her property at gunpoint, and she made an in-court identification of the defendant. The motion would have been denied; thus, defendant has not shown prejudice. This allegation is without merit.

## (8)

Defendant contends trial counsel failed to request the jury be instructed on the lesser included offenses of aggravated robbery. The trial court charged the jury on the offenses of aggravated robbery, robbery and theft of property. Defendant contends he was only guilty of theft; however, theft was charged and rejected by the jury. Defendant has suggested no other lesser offenses. Therefore, defendant has failed to show counsel was deficient or that he was prejudiced by counsel's actions. This allegation is patently without merit.

## IV. Conclusion

The evidence is clearly sufficient to support the guilty verdict. The victim in this case unhesitatingly and positively identified the defendant as the person who committed this robbery with a weapon. Defendant faults counsel for not convincing the jury it was a theft rather than an aggravated robbery. Identification was not an issue. In light of the victim's testimony, defendant has not shown a reasonable probability that he would have been convicted of only theft had trial counsel done

anything differently.  Accordingly, we AFFIRM the judgment of the trial court.


                                                    _____

                                                    Norma McGee Ogle, Judge



CONCUR:



_____
John H. Peay, Judge



_____
Alan E. Glenn, Judge